[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 1, 1995
On November 29, 1994, the plaintiff, Berkeley Federal Bank, instituted the present action seeking to foreclose a mortgage on premises owned by defendant Florence Rotko.[1] The defendant and her now deceased husband executed a mortgage on January 26, 1976, on property located at 506 Dewey Street, Bridgeport. The defendant applied to this court on December 15, 1994, for protection from foreclosure pursuant to General Statutes § 49-31d et seq., the Foreclosure Moratorium Act. In the application, the defendant represents that she qualifies pursuant to the statutory provisions for protection from foreclosure and judicial restructuring. On May 19, 1995, the plaintiff filed an objection to the application on the ground that the defendant is not eligible for judicial restructuring. In connection with the defendant's application CT Page 9646 for protection from foreclosure, an evidentiary hearing was held on June 5, 1995.
Section 49-31f provides that:
 a homeowner who is underemployed or unemployed against whom a foreclosure action is brought may make application, together with a financial affidavit, to the court having jurisdiction over the foreclosure action for protection from foreclosure if: (1) The mortgage being foreclosed encumbers the residential real property, which property has served as his principal residence, for a period of two years and (2) such homeowner has not had a foreclosure action commenced against him in the preceding seven year period.
An issue arises as to whether the defendant classifies as an unemployed person under the statute.
Pursuant to § 49-31d, "`Unemployed person' means a person who is unemployed for purposes of Chapter 567." Chapter 567 is the unemployment compensation section, and thereby the phrase limits the commonly understood meaning of the words "unemployed person." Shawmut Mortgage v. Wheat, 9 CONN. L. RPTR. 450 (July 23, 1993) (Rush, J.). "Employment as used in Chapter 567 envisions the existence of a relationship of an employer and employee . . . Under our Unemployment Compensation Act eligibility for benefits involves the availability for work and reasonable efforts to obtain work . . ." (Citations omitted.) Id.
"The act permits the court to consider `any relevant facts,' but mandates that it consider: (1) the likelihood that the homeowner will be able to make timely payments on the restructured mortgage commencing at the end of the restructuring period; and (2) the presence of any substantial prejudice to the lender or any subordinate lienor or encumbrancer which would result from a restructuring of the mortgage debt." D. Caron, Connecticut Foreclosures, (2d Ed. 1989) § 15.05, p. 231-32. "The application for protection statutory scheme was obviously devised, not to benefit the lending institutions but rather to provide, as a matter CT Page 9647 of public policy, a mechanism to allow a homeowner who has suffered a sudden financial hardship an opportunity to restructure his financial affairs." (Emphasis added.) Dime Savings Bank v. Romano, 6 CONN. L. RPTR. 585 (1992) (Katz, J.).
The court in Northwest Bank for Savings v. Carchia,
Superior Court, JD of Hartford/New Britain at Hartford, DN 525841 (November 23, 1993) (Alexander, S.T.R.), found that the defendant presented "a bleak financial picture." It stated that the defendant "is a person of energy and intelligence who has made a laudable effort to better her financial condition." But the court found that it would be "difficult to conclude that there is a likelihood that she will be able to make timely payments on a restructured mortgage at the end of a restructuring period." The court therefore denied the application for protection from foreclosure.
Although at the evidentiary hearing, the defendant suggested that she would attempt to find employment in the next six months,[2] it is submitted that the defendant's financial prospects are not promising. "Mrs. Rotko is seventy-one years old and has long suffered from several disabilities. In 1989, her husband died. Under the circumstances, including the fact that she does not own a car, Mrs. Rotko does not foresee herself reentering the work force." (Response to Interrogatory 26.) The facts demonstrate that she has been unemployed since she retired in the late 1970's. (Response to Interrogatory 21.) At the evidentiary hearing, the defendant testified that she has not scheduled any job interviews. The defendant's restrictions caused by her disabilities and lack of transportation do not support an assertion that she will be able to make timely payments on the debt after a six-month stay in the foreclosure proceedings and a restructuring of the mortgage debt.
Accordingly, the defendant's application for protection from foreclosure is denied.